**Joint Status Report Pursuant to Rule 26(f)**
In Advance of the Telephonic Pretrial Conference on
January 15, 2019 at 4 PM

Caption:   <u>Muhammad-Wade, et al. v. Fair Collections & Outsourcing, Inc.</u>
Civil Action No: <u>2:18-cv-04784-GJP</u>

Basis of Jurisdiction: <u>Federal Question (FDCPA)</u>

Jury Trial:<u>  X   </u>     Non-Jury Trial: <u>        </u>     Arbitration:<u>        </u>

Plaintiff's counsel participating in the Rule 16 Conference:

Robert Cocco, Robert P. Cocco, P.C., 1500 Walnut Street, Suite 900, Philadelphia, PA 10102, 215-351-0200

Defendant's counsel participating in the Rule 16 Conference:

Andrew M. Schwartz, Marshall Dennehey Warner Coleman & Goggin, P.C., 2000 Market Street, Suite 2300, Philadelphia, PA 19103, 215-575-2765

Do counsel have full authority to settle at Rule 16 Conference?

**Plaintiff** - Yes

**Defendant** -  No.  This is a class action and Defendant believes that the class is fatally defective.  However, Counsel for the Defendant will have settlement authority to resolve the nominal individual claims asserted by Plaintiff notwithstanding the compelling bona fide error defense.

If not, client with such authority who will attend conference:

**Plaintiff** – See above.

**Defendant** -  See above.  Defendant will not entertain a class settlement because Defendant believes that there are no class members.

When did the parties hold the Rule 26 Conference?   December 27, 2018.

When did the parties comply with the Rule 26(a)'s duty of self-executing disclosure?

**Plaintiff** – Plaintiff issued its self-executing disclosures on December 27, 2018.

1

**Defendant** - Defendant issued its self-executing disclosures on December 17, 2018.

Does either side expect to file a case-dispositive motion?      (**yes**/no)
If yes, under what Rule:

**Defendant** - Rule 56.

If yes, specify the issue:

**Defendant** - Absence of violation of the FDCPA and Bona Fide Error Defense.

Proposed deadline for filing dispositive motions:

**Defendant**: Defendant does not waive its "one way intervention" defense. Therefore, Defendant believes a briefing schedule on the Rule 56 motion would have to be scheduled after the determination of class certification.

Does either side anticipate the use of experts?

**Defendant** - Defendant does not intend to use an expert.

If yes, what is the proposed deadline for expert discovery? Approximate date case should be trial-ready:
Time for Plaintiffs case: 2 days        Time for Defendant's case: 2 days.

Is a settlement conference likely to be helpful?If so, when:
Early _____ (**yes**/no).  Defendant believes that if Plaintiff withdraws her class claims, settlement conference would be appropriate.

After Discovery __ (**yes**/no).  Defendant believes that a settlement conference could be helpful at the close of written discovery.

Do the parties wish to proceed before a Magistrate Judge for final disposition?

No.

Plan for Discovery:

1.   The parties anticipate that discovery should be completed within 240 days.
2.   What is the minimum amount of time necessary to complete discovery prior to an ADR session, should one be ordered or agreed to?  90 days.

3.   Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material, as required by Rule 26(f)(3)(D)?

2

<u>Yes</u>.

4.     Identify any other discovery issues which should be addressed at the Rule 16 Conference, including limitations on discovery, protective Orders needed, or other elements which should be included in a particularized discovery plan.

   **Defendant** –

   a.  Defendant believes that a protective order would be appropriate to provide the relevant portions of the written procedures of Defendant for the bona fide error defense.
   b.  To the extent that a deposition of a corporate designee of Defendant is required by Plaintiff, Defendant requires that such deposition take place near the physical location of the designees.

5.     If you contend the discovery period to exceed 90 days, please state reason:

**Plaintiff –** Due to this matter being filed as a class action, discovery issues may arise which will impact the time to conduct discovery.

**Defendant** - This is a class action matter and the scope of discovery may be more significant because of the Defendant's belief that no class exists, and that, to the extent a theoretical class exists, it cannot be ascertained.  This could very well result in a more robust and time-consuming discovery process.